FILED
SUPERIOR COURT
OF GUAM

2020 DEC 21 PM 2: 48

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | CRIMINAL CASE NO. CF0606-19 |
| vs. | |
| **RUSTY RUSAUO,** DOB: 10/30/1989 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on October 22, 2020, upon the People's Motion to Compel a DNA Sample ("Motion") filed June 15, 2020. Defendant Rusty Rusauo ("Defendant") was represented by Assistant Alternate Public Defender Heather M. Zona. Assistant Attorney General Sean Brown represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On December 20, 2019, the Defendant was charged via Superseding Indictment with: 1) Murder (as a First Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. According to the Declaration attached to the Magistrate's Complaint filed November 8, 2019, the charges against the Defendant arise from an altercation between the Defendant and the Victim whereby the Defendant allegedly stabbed the Victim in the leg with a machete, subsequently resulting in the Victim's death.[1]

---

[1] The original Indictment in this matter was filed on November 18, 2019, charging the Defendant with Aggravated Assault (as a Second Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony.

On June 15, 2020, the People filed the instant motion, requesting that the Court order the Defendant to submit to a buccal swab or similar sample, pursuant to Title 8 GCA § 7025(a)(7), to determine whether the Defendant's DNA can be matched to or excluded from the evidence collected by the Guam Police Department ("GPD"). Specifically, the People assert: 1) the DNA sample is needed for the Forensic Sciences Division of GPD to determine if there is human blood on the confiscated evidence; 2) the DNA sample is necessary for the Forensic Sciences Division of GPD to determine whether there is a match between the Defendant's blood type and that of the victim's and the confiscated evidence; and 3) the DNA sample is needed to determine whether there is a DNA match between the Defendants' DNA and that found within the potential fluids found on the confiscated items. Thus, the People maintain there is a reasonable basis for the Court to order the Defendant's DNA sample.

In his Opposition filed October 20, 2020, the Defendant argues that the People have not justified the violation of his Fourth Amendment rights a DNA sample would require. Specifically, the Defendant argues that the instant motion is premature as the government has yet to test the confiscated items for blood or DNA, or determine whether more than one person's blood or DNA is present. Further, the Defendant maintains that the there is no indication DNA will be an issue in this case by either the People or the defense. Thus, given the state of the People's evidence, the defense contends there is no reason to subject the Defendant to DNA testing.

On October 22, 2020, a hearing was held on the instant motion. Counsel for both parties appeared via Zoom. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

As a preliminary matter, the Fourth Amendment of the United States Constitution prohibits the government from conducting an "unreasonable search and seizure" against a person. U.S. Const. amend. IV. In order to justify a governmental search under the Fourth Amendment, the search must be reasonable. *Id.*; *see also Pennsylvania v. Mimms*, 434 U.S. 106, 108-09, 98 S.Ct. 330, 54 L.Ed.2d 331 (1997) (quoting *Terry v. Ohio*, 392 U.S. 1, 19, 88 S.Ct.

1868, 20 L.Ed.2d 889 (1968)) ("The touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.'"). "It is undisputed that a compelled DNA extraction is a 'search' for Fourth Amendment purposes." *United States v. Kincade*, 379 F.3d 813, 821 n.15 (9th Cir. 2004) (categorizing blood extraction for DNA as a search); *Maryland v. King*, 569 U.S. 435 (2013) (categorizing buccal swab collection of saliva for DNA as a search). Thus, the question before the Court is whether compelling the Defendant to submit a DNA sample pursuant to Title 8 GCA § 70.25(a)(7) is reasonable under the circumstances. In assessing reasonableness, a court must weigh both the significant government interest at stake and an individual's legitimate expectations of privacy. *See King*, 569 U.S. at 461 ("The government interest must outweigh the degree to which the search invades an individual's legitimate expectations of privacy."). The Court will now examine and weigh these two competing factors.

**A) The Defendant's expectation of privacy.**

As aforementioned, the Supreme Court of the United States has held that for the purposes of the Fourth Amendment, "using a 'buccal swab' on the inner tissue of a person's cheek in order to obtain DNA samples is a search." *King*, 569 U.S. 435, 446 (2013). However, in *King*, the Supreme Court held,

> "[i]n light of the context of a valid arrest supported by probable cause respondent's expectations of privacy were not offended by the minor intrusion of a brief swab of his cheeks. By contrast, that same context of arrest gives rise to significant state interests in identifying respondent not only so that the proper name can be attached to his charges but also so that the criminal justice system can make informed decisions concerning pretrial custody. . . . When officers make an arrest supported by probable cause to hold for a serious offense and they bring the suspect to the station to be detained in custody, taking and analyzing a cheek swab of the arrestee's DNA is, like fingerprinting and photographing, a legitimate police booking procedure that is reasonable under the Fourth Amendment."

*King*, 569 U.S. at 465-66. Courts citing to *King* have held that once an individual is indicted the probable cause necessary to conduct a search is "established definitively." *See U.S. v. Schreiber*, 866 F.3d 776, 780 (2017).

Further, a defendant accused of a crime can be expected to undergo routine searches, including fingerprinting and physical examinations. *See Haskell v. Harris*, 669 F.3d 1049, 1058 (9th Cir. 2012), *aff'd en banc*, 745 F.3d 1269 (9th Cir. 2014). In fact, the Fourth Amendment permits police to take "routine administrative steps incident to arrest, such as booking, photographing and fingerprinting." *King*, 569 U.S. at 461 (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 58 (1991)). Indeed, Guam law goes further providing, in relevant part:

> Upon noticed motion by the prosecuting attorney, the Court may order . . . the defendant to appear at a reasonable time and place and under such conditions as the court may provide to . . . permit the taking of samples of his blood, hair, and other materials of his body which involve *no unreasonable intrusion* thereof.

8 GCA § 70.25(a)(7) (emphasis added).

DNA is often referred to as "other materials of a defendant's body" and the testing of DNA is considered far less intrusive than the extraction of one's blood. *See Haskell*, 669 F.3d at 1059. A compelled DNA sample has been described as "minimally invasive – both in terms of the bodily intrusion it occasions, and the information it lawfully produces." *See Kincade*, 379 F.3d at 838. Notably, a "buccal swab cannot seriously be viewed as an unacceptable violation of a person's bodily integrity." *See Haskell*, 669 F.3d at 1059.

Here, the Court is only constrained by the Defendant's right to be free from unreasonable searches under the Fourth Amendment. The Court however, finds that Title 8 GCA § 70.25(a)(7) permits reasonable searches of a defendant's person, and authorizes the Courts to order a defendant to submit to DNA testing as long as it is reasonable. Further, the Court determines that a DNA test, which is minimally intrusive, constitutes a minor infringement on the Defendant's privacy, which has already been diminished given that a grand jury returned a Superseding Indictment against the Defendant, finding probable cause to believe that he committed first degree murder. Therefore, in light of the nature of the allegations, the Court finds the evidence requested by the People potentially highly probative and its collection would not be an unreasonable intrusion upon the Defendant's privacy.

//

//

**B) Government Interest**

Second, the Court must also consider the government interest at stake. *See King*, 569 U.S. at 461. The People have an interest in ensuring those accused of a crime are properly identified. DNA testing may "significantly improve both the criminal justice system and police investigative practices," by making it "possible to determine whether a biological tissue matches a suspect with near certainty." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 577 U.S. 42, 55, 62 (2009). DNA collected from arrestees is "irrefutable identification of the person" it was taken from. *King*, 569 U.S. at 541-42.

Here, the People have a legitimate interest in ensuring that the person accused of the crime is properly brought forth for prosecution. The rationale behind Title 8 GCA § 70.25 allows the government to complete its investigation.[2] Indeed, the test conducted here fulfills that purpose. Therefore, based on the foregoing, the Court finds that the government interest in fully testing the evidence collected, outweighs the minimal intrusion on the Defendant caused by a compelled DNA test.

Accordingly, the Court finds that a search, at this time, would not violate the Defendant's rights under the Fourth Amendment. Further, because the Defendant has been accused of a crime, and such accusations are supported by probable cause, the Court finds the Defendant should submit to a "buccal swab" to compare his DNA to DNA found at the scene of the crime. Accordingly, the Court **GRANTS** the People's Motion to Compel a DNA Sample.

/ /

/ /

/ /

---

[2] According to Title 8 GCA § 70.25 annotations,

> Subsection (a) deals with matters that will often take place as part of investigations prior to a formal charge being rendered. *However, there is no reason why these investigatory procedures will not take place later and this Section makes clear that the court has the power to order the defendant to cooperate in this regard.*

*See* 8 GCA § 70.25, note (emphasis added).

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the People's Motion to Compel a DNA Sample. Thus, the Defendant is hereby **ORDERED** to permit the taking of a DNA sample via buccal swab, at the place of detention or at a crime lab, at times to be agreed upon by the parties, and as soon as reasonably possible. If necessary, the Defendant shall be transported to the agreed upon location for the sample collection.

**IT IS SO ORDERED** 12/21/20 .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, APD

Date: 12/21/20 Time: 3:15

Deputy Clerk, Superior Court of Guam